NUMBER 13-98-630-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

PG&E GAS TRANSMISSION, TEXAS CORPORATION, ET AL , Appellants,


v.


CITY OF EDINBURG, TEXAS, Appellee.
 


On appeal from the 92nd District Court

of Hidalgo County, Texas.

 
ORDER ON FURTHER REHEARING


Before Justices Hinojosa, Rodriguez, and Chavez (1)

Opinion by Justice Melchor Chavez



The City of Edinburg ("City") has requested further review of our previous order on rehearing. The City contends that we
affirmed the trial court's judgment on Southern Union's motion for summary judgment on a ground not presented in the
motion. Southern Union responds that if the City is now contending that the motion was ambiguous, it has waived that
complaint because it did not specially except to the motion for summary judgment. We grant the City's motion for further
rehearing. 

Rio Grande Valley Gas Co. was awarded a franchise agreement by the City of Edinburg to supply natural gas to residents
within the city. The franchise agreement required Rio Grande Valley Gas Co. ("RGVG") to pay the City 4% of gross
receipts of gas sales within the city. The agreement contained a Most Favored Nations Clause that escalated the percentage
in the event RGVG paid "[a]ny other municipality which it serves a greater percentage than four (4%) per cent of its said
gross receipts...."

On October 1, 1993, RGVG merged into Southern Union Company. Southern 

Union Gas Company (SU), a division of Southern Union Company, then succeeded to the interests of RGVG under the
franchise agreement. SU sent a notice of the merger to the City and informed the City that "[S]outhern Union Gas
Company hereby accepts the terms and conditions of such ordinance and agrees to provide natural gas distribution service
with the City of Edinburg in accordance therewith." SU requested no clarification of, nor exception to the agreement. 

SU's sole ground for summary judgment was that "[p]ayment of a higher franchise tax to other municipalities outside the
Rio Grande Valley Region by Southern Union Gas Company does not violate the terms of the Most Favored Nations
Clause." SU supported its motion with the notice of merger it had sent the City and the affidavit of Bill Knox, Regional
Vice President for the Rio Grande Region for SU. Neither the notice nor the affidavit contains a definition of the "Rio
Grande Valley Region."

Both SU's motion and the City's counter-motion for summary judgment only sought construction of the Most Favored
Nations Clause. And, we have already held that the trial court improperly limited the Most Favored Nations Clause to the
undefined "Rio Grande Valley" area and erred in not granting the City's motion for partial summary judgment. 
Accordingly, we reverse the judgment of the trial court on this issue and remand it for further proceedings thereon. 

PG&E appellants VEC, VNGC, VTC, and REATA filed a joint motion for further

rehearing in which they complain that we granted SU's motion for rehearing without requesting a response from them. We
grant their motion and reconsider SU's motion for rehearing. The PG&E appellants also ask us to affirm the trial court's
judgment making SU liable for RGVG's liabilities. 

As we have noted, in 1993 SU succeeded to the interests of RGVG when the two entities merged. As the surviving entity,
SU accepted the terms and conditions of the ordinance and RGVG ceased to exist. Throughout the trial and the appellate
process SU has responded on its and RGVG's behalf. Therefore, in view of our action today, we reaffirm our initial ruling
that Valero Energy Corporation, Valero Transmission Company, Valero Natural Gas Co., Reata Industrial Gas Company
and Rio Grande Valley Gas Co./Southern Union Company are jointly and severally liable for the trial court's award of
$3,518,000 in trial and conditional appellate attorney's fees. We also affirm the trial court's judgment providing that SU is
liable for RGVG's liabilities. All other complaints in the motions for rehearing are overruled.



Melchor Chavez

Retired Justice





Publish.

Tex. R. App. P. 47.3



Order delivered and filed this

the 2nd day of August, 2001. 

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme

Court of Texas pursuant to Tex. Gov't Code Ann. §74.003 (Vernon 1998).